IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12–cv–02535–RBJ–KMT

RON MILLER,

      Plaintiff,

v.

BEST BUY CO., INC.,
HSBC FINANCE CORPORATION, INC., and
HSBC BANK NEVADA, N.A.,

      Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**Magistrate Judge Kathleen M. Tafoya**

      This matter comes before the court on "Defendant HSBC Bank Nevada, N.A.'s Motion to

Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim upon Which Relief Can

Be Granted" (Doc. No. 22, filed February 5, 2013) and the "Memorandum and Points of

Authorities in Support" (Doc. No. 23 [HSBC Bank's Mem.], filed February 5, 2013), to which

Plaintiff filed his response on April 15, 2013 (Doc. No. 57 [Resp. HSBC Bank's Mot.]) and

Defendant HSBC Bank Nevada filed its reply on April 30, 2013 (Doc. No. 67 [HSBC Bank's

Reply]).

      Also before the court is "Defendants Best Buy Co., Inc. and HSBC Finance

Corporation's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) for Lack of Personal

Jurisdiction" (Doc. No. 24, filed February 5, 2013) and the "Memorandum of Points and

Authorities in Support" (Doc. No. 25 [Best Buy's Mem.], filed February 5, 2013), to which

Plaintiff filed his response on April 13, 2013 (Doc. No. 56 [Resp. Best Buy's Mot.]) and

Defendants Best Buy and HSBC Finance Corporation filed their reply on April 30, 2013 (Doc.

No. 66 [Best Buy's Reply]).

Also before the court is "Plaintiff 's Motion for Leave to File Second Amended

Complaint" ("Motion to Amend") (Doc. No. 73 [Mot. Amend], filed May 7, 2013), to which

Defendant HSBC Bank Nevada filed a response on May 28, 2013 (Doc. No. 77 [Resp. Mot.

Amend]) and Plaintiff filed his reply on June 19, 2013 (Doc. No. 78 [Reply Mot. Amend]).

These motions are ripe for recommendation and ruling.

## STATEMENT OF THE CASE

In his First Amended Complaint, Plaintiff states on December 15, 2005, he applied for

and received a Best Buy credit card issued by Defendant HSBC Bank Nevada.  (Doc. No. 8

[Compl.], ¶ 7.)  On that same day, Plaintiff made a purchase and paid for the purchase in full at

or around June 4, 2007.  (*Id.*, ¶ 8.)  Plaintiff states he did not use the card again until 2009 and

2010, and his balance at the end of 2009 for 2009 purchases was $0.  (*Id.*)  Between March 2010

and June 2010, Plaintiff purchased several computers but returned them all.  (*Id.*, ¶ 9.)  On July

3, 2010, Plaintiff purchased a computer that he kept.  (*Id.*)

Plaintiff alleges in June and July 2010, Defendant HSBC Bank Nevada assessed late fees

of $39 per month and interest on the late fees, and in August 2010 it assessed $15 in late fees.

(*Id.*, ¶ 10.)  Plaintiff states on July 24, 2010, he contacted customer service for Defendant HSBC

Bank Nevada and spoke with a supervisor, who informed Plaintiff "that his account would be

credited for $78 and advised him that a payment did not need to be paid at that time." (*Id.*, ¶ 11.) On August 30, 2010, Plaintiff noticed his account had not been credited, and another late fee had been assessed. (*Id.*, ¶ 12.) Plaintiff contacted Defendant HSBC Bank Nevada again, but a different customer service representative refused to remove the fees. (*Id.*) It appears Plaintiff informed the customer service representative that he was recording their call, and she advised Plaintiff that HSBC Nevada did not consent to the recording and that she would have to discontinue the call if Plaintiff recorded them. (*Id.*) Plaintiff contends he informed HSBC Nevada that the contract ("Card Agreement") was void or voidable because HSBC Nevada refused to allow customer telephone calls to be recorded, and that under such circumstances, Plaintiff could stop making the payments required pursuant to the Card Agreement. (*Id.*, ¶¶ 18, 31.)

On September 7, 2010, Plaintiff sent a letter of complaint to Best Buy's CEO and HSBC Finance Corporation's CEO. (*Id.*, ¶ 13.) On September 24, 2010, Defendant HSBC Nevada credited Plaintiff's account for most of the late fees. (*Id.*,¶ 15.) On September 29, 2010, Defendant HSBC Nevada credited Plaintiff's account for most of the interest charges. (*Id.*, ¶ 16.) Plaintiff alleges that his credit report from one reporting bureau shows Defendant HSBC Nevada reported it wrote off $1,182.00 in August 2011, and his credit report from another bureau shows Plaintiff's HSBC Nevada's account in collection status with a past due amount of $1,827.00. (*Id.*, ¶¶ 20–21.) Plaintiff has filed disputes with the credit bureaus, but the defendants have not corrected the reports. (*Id.*, ¶ 22.) Plaintiff alleges the "refusal of HSBC NV

to correct [his] report resulted in damages to [him] in the amount of at or about $6,200." (*Id.*, ¶ 23.)

Plaintiff alleges four claims for relief.  In Count I, Plaintiff alleges the contract between himself and HSBC Nevada is void because the parties failed to have a meeting of the minds regarding the recording of Plaintiff's phone conversations.  (*Id.*, ¶ 28.)  In Count II, Plaintiff alleges the contract between him and HSBC Nevada is voidable because he was induced into the contract by fraud.  (*Id.*, ¶ 30.)  In Count III, Plaintiff alleges "Negligent Violation of FCRA [Fair Credit Reporting Act] Subchapter III" against HSBC Nevada.  (*Id.*, ¶ 30.)  In Count IV, Plaintiff alleges "Willful Violation of FCRA Subchapter III" against HSBC Nevada.  (*Id.*, ¶ 32.)

Plaintiff seeks equitable relief and money damages.  (*See id.*, ¶¶ 33–40.)

## LEGAL STANDARD

### 1.   Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).  A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *Associated*

4

*Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

**2.      *Failure to State a Claim Upon Which Relief Can be Granted***

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  The *Iqbal* evaluation requires two prongs of analysis.  First, the court identifies "the allegations in the complaint that are not

5

entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 129 S. Ct. at 1949 (citation omitted).

## 3. *Lack of Personal Jurisdiction*

Federal Rule of Civil Procedure 12(b)(2) provides that a defendant may move to dismiss a complaint for "lack of jurisdiction over the person." Fed. R. Civ. P. 12(b)(2). Plaintiff bears the burden of establishing personal jurisdiction over Defendants. *OMI Holdings, Inc. v. Royal Ins. Co.*, 149 F.3d 1086, 1091 (10th Cir. 1998). In the preliminary stages of litigation, Plaintiff's

burden is light.  *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).  Where, as here,

there has been no evidentiary hearing, and the motion to dismiss for lack of personal jurisdiction

is decided on the basis of affidavits and other materials, Plaintiff need only make a *prima facie*

showing that jurisdiction exists.  *Id.*

Plaintiff "has the duty to support jurisdictional allegations in a complaint by competent

proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate

pleading." *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989).  The allegations in

Plaintiff's complaint " 'must be taken as true to the extent they are uncontroverted by

[Defendants'] affidavits.' " *Wenz*, 55 F.3d at 1505 (*quoting Doe v. Nat'l Med. Servs.*, 974 F.2d

143, 145 (10th Cir. 1992)).  If the parties present conflicting affidavits, all factual disputes must

be resolved in Plaintiff's favor, and "plaintiff's *prima facie* showing is sufficient notwithstanding

the contrary presentation by the moving party." *Id.* (citation omitted).  Only well-pleaded facts,

as opposed to mere conclusory allegations, must be accepted as true. *Id.*

To determine whether a federal court has personal jurisdiction over a nonresident

defendant in a diversity action, the court looks to the law of the forum state. *Taylor v. Phelan*,

912 F.2d 429, 431 (10th Cir. 1990).  In Colorado, the assertion of personal jurisdiction must

both: (1) satisfy the requirements of the long-arm statute; and (2) comport with due process. *Id.*;

*Doering v. Copper Mountain*, Inc., 259 F.3d 1202, 1209 (10th Cir. 2001); *Classic Auto Sales,*

*Inc. v. Schocket*, 832 P.2d 233, 235 (Colo. 1992).  Colorado's long-arm statute subjects a

defendant to personal jurisdiction for engaging in—either in person or by an agent—the

"commission of a tortious act within this state," or the "transaction of any business within this

7

state." Colo. Rev. Stat. §§ 13–1–124(1)(a)–(b) (2007).  To comport with due process, a

defendant must have minimum contacts with the forum state such that maintenance of the

lawsuit would not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co.*

*v. Washington*, 326 U.S. 310, 316 (1945).  Colorado's long-arm statute is a codification of the

"minimum contacts" principle required by due process. *See Lichina v. Futura, Inc.*, 260 F. Supp.

252, 255 (D. Colo. 1966).  Accordingly, under Colorado law, a court may assert jurisdiction to

the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment. *See OMI*

*Holdings, Inc.*, 149 F.3d at 1090; *Scheur v. Dist. Ct.*, 684 P.2d 249 (Colo. 1984).

**4.      *Amendment of Pleadings***

Under Rule 15(a), a court should allow a party to amend its pleadings "when justice so

requires." Fed. R. Civ. P. 15(a).  The grant or denial of an opportunity to amend is within the

discretion of the court, but "outright refusal to grant the leave without any justifying reason

appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and

inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

"Refusing leave to amend is generally only justified upon a showing of undue delay, undue

prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by

amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d

1357, 1365 (10th Cir. 1993).

## ANALYSIS

### 1.     HSBC Bank Nevada's Motion to Dismiss

#### A.     Claims that the Card Agreement is Void or Voidable

HSBC Bank Nevada moves to dismiss Plaintiff's Counts One and Two, arguing his

allegation of unilateral mistake fails to show that the Card Agreement was void or voidable.

(HSBC Bank's Mem. at 4–5.)

In his Complaint, Plaintiff asserts that the Card Agreement is void because, had he

known of HSBC Bank Nevada's restriction preventing him from recording his telephone

conversations with them, he would not have entered into the Card Agreement.  (*See* Compl., ¶

28.)  The doctrine of mistake allows the mistaken party to avoid the contract.  *Sumerel v.

Goodyear Tire & Rubber Co.*, 232 P.3d 128, 135 (Colo. App. 2009); *see also Poly Trucking, Inc.

v. Concentra Health Services, Inc.*, 93 P.3d 561, 563 (Colo. App. 2004) (reformation is generally

permitted when the parties made a mutual mistake or one party made a unilateral mistake and the

other engaged in fraud or inequitable conduct).  Unilateral mistake applies where one party is

mistaken about a basic contractual assumption.  *Sumerel*, 232 P.3d at 135.  Reformation is

permissible when there was a mutual mistake or one party made a unilateral mistake and the

other party engaged in fraud or inequitable conduct.  *Boyles Bros. Drilling Co.*, 761 P.2d at 281.

Here, Plaintiff claims that the contract is void or voidable.  Though Plaintiff alleges he

"was induced into the contract by fraud" (Compl., ¶ 30), he alleges no facts in support of that

conclusory statement.  Rather, Plaintiff alleges only that had he known he could not record his

phone calls with HSBC Bank Nevada's customer service representatives, he would not have

entered into the Card Agreement.  (*See id.*, ¶¶ 28, 30.)  As noted above, however, "conclusory

allegations without supporting factual averments are insufficient to state a claim upon which

relief can be based."  *Hall,* 935 F.2d at 1110.

Because Plaintiff fails to allege any facts that Defendant HSBC Bank Nevada engaged in

fraud or any other form of inequitable conduct, his Counts I and II that the contract is void or

voidable properly are dismissed for failure to state a claim upon which relief can be granted.

### B.    *FCRA Claims*

Defendant HSBC Bank Nevada also moves to dismiss Plaintiff's FCRA claims for failure

to plead sufficient facts.  (HSBC Bank's Mem. at 6–8.)

"Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote

efficiency in the banking system, and protect consumer privacy."  *Safeco Ins. Co. of Am. v. Burr*,

551 U.S. 47, 52 (2007).  The FCRA imposes certain obligations on the sources that provide

credit information to credit reporting agencies ("CRAs") which are defined as "furnishers."  15

U.S.C. § 1681s-2(a).  Section 1681s-2 sets forth the "[r]esponsibilities of furnishers of

information to consumer reporting agencies, and outlines two categories of responsibilities:

subsection (a) requires a furnisher to provide "accurate information," while subsection (b)

imposes a duty to conduct a reasonable investigation "upon notice of dispute."  15 U.S.C. §

1681s-2(a), (b); *see* 15 U.S.C. § 1681i(a)(2) (requiring CRAs promptly to provide such

notification containing all relevant information about the consumer's dispute).

The FCRA provides a consumer with a private right of action only for claims arising

under subsection (b) – the duties triggered upon notice of a dispute from a CRA. 15 U.S.C. §

1681s-2(c).  In order to state a claim under subsection (b) of the FCRA, Plaintiff must properly

allege three elements.  First, Plaintiff must allege that the CRAs did not determine his dispute

was frivolous or irrelevant "by reason of a failure by Plaintiff to provide sufficient information to

investigate the disputed information." 15 U.S.C. § 1681i(a)(3)(A).  Second, Plaintiff must show

that CRAs notified HSBC Bank Nevada of the dispute.  *Pinson v. Equifax Credit Info. Servs.,*

*Inc.*, 316 F. App'x 744, 750–51 (10th Cir. 2009) ("notice of a dispute received directly from the

consumer does not trigger furnishers' duties under subsection (b)"); *Stich v. BAC Home Loans*

*Servs., LP*, No. 10-cv-01106-CMA0MEH, 2011 WL 1135456, at *5 (D. Colo. Mar. 29, 2011)

("The duty to investigate is not triggered when the notice is received from the customer");

*Wenner v. Bank of America, NA*, 637 F. Supp. 2d 944, 952 (D. Kan. 2009) ("a furnisher of credit

information has a duty to investigate a dispute only after receiving notice from a CRA-not

merely notice from a consumer.").  Third, Plaintiff must allege that HSBC Bank Nevada did not

conduct a reasonable investigation into Plaintiff's claims after receiving notice of a dispute from

a CRA. 15 U.S.C. § 1681s-2(a),(b).

Defendant HSBC Bank Nevada argues that Plaintiff has failed to allege valid claims

under the FCRA.  First, Defendant argues Plaintiff's Counts Three and Four vaguely allege

negligent and willful "violations" of "subchapter III of Title 15 U.S.C." (Compl., ¶¶ 31 and 32),

and the lack of specificity makes it impossible to determine the provision of the FCRA on which

Plaintiff bases his claims, and whether Plaintiff has standing to assert his claims as pleaded.  The

court agrees that, as the claims are stated, it is impossible to determine the provision of the

FCRA on which Plaintiff bases his claims and whether Plaintiff has standing to assert his claims as pleaded.

Second, Defendant argues even assuming Plaintiff bases his claims under the provision of the FCRA providing a private right of action, the claims is deficient.  Plaintiff only has standing to allege a violation of the FCRA based on a furnisher's duty to conduct a reasonable investigation upon notice of dispute provided to it by a CRA.  *Pinson*, 316 F. App'x at 750–51. However, Plaintiff bases his claims on his contention that the defendant should have known the contract was voided, that they "should have made arrangements with [him] to collect the items purchased and dispel any and all notions of reporting negative information with the credit bureaus," and that their report "to the credit bureaus failed to accurately reflect their knowledge that [he] would be making no further payments past those he made in 2010."  (Compl., ¶ 31.) Subsection (a) of § 1681s-2 does not allow a private cause of action for a furnisher of credit information; rather, subsection (a) can be enforced only by government agencies and officials. *See, e.g., Hasvold v. First USA Bank*, 194 F. Supp. 2d 1228, 1235 (D. Wyo. 2002) (citing case law to support the conclusion that there is no private right of action for violations of subsection (a)).  Thus, any claim made by Plaintiff under § 1681s-2(a) is deficient and properly is dismissed.

Third, Defendant argues even if Plaintiff had standing to assert his FCRA claim, Plaintiff does not allege facts to support the indispensable elements necessary to maintain a FCRA claim against HSBC Bank Nevada.  The court disagrees.  A consumer can bring a private cause of action against the furnisher for violations of § 1681s-2(b).  *DiMezza v. First USA Bank*, 103 F.

Supp. 2d 1296, 1299 (D.N.M. 2000).  Here, Plaintiff alleges that the "credit bureaus allege a reinvestigation."  (Compl., ¶ 22.)  The court finds this allegation is sufficient to show Plaintiff had contact with the CRAs, which then had contact with HSBC.[1]  Moreover, Plaintiff alleges he "disputed information provided by HSBC NV with the credit bureaus, [but] HSBC NV did nothing to correct the information reported."  The court finds Plaintiff has stated a claim for the defendants' alleged violations of § 1681s-2(b).

Thus, the court finds Plaintiff's claims asserted under § 1681s-2 (a) properly are dismissed with prejudice.  However, the court finds Plaintiff has stated claims for the defendants' alleged violations of § 1681s-2(b), and Defendants' motion to dismiss these claims properly is denied.

**2.    *Defendants Best Buy Co., Inc. and HSBC Finance Corporation's Motion to Dismiss***

Defendants Best Buy Co., Inc. and HSBC Finance Corporation move to dismiss Plaintiff's claims against them for lack of personal jurisdiction.

Defendants Best Buy Co., Inc. and HSBC Finance Corporation argue that Plaintiff has failed to meet his burden of establishing the existence of personal jurisdiction over these defendants, .*OMI Holdings, Inc.*, 149 F.3d at 1091, as he does not allege that either Best Buy Co., Inc. or HSBC Finance Corporation has business contacts with, or activities in, Colorado to establish the existence of general or specific jurisdiction over either entity.  (Best Buy's Mem. at 3–4.)  Specifically, these defendants argue Plaintiff has failed to show minimum contacts

---

[1]Even if this allegation is insufficient, Plaintiff has cured the deficiency in his proposed amended complaint, as the court explains *infra*.

between Best Buy Co., Inc. and the state of Colorado, or between HSBC Finance Corporation

and the state of Colorado to establish personal jurisdiction over either entity.

Upon a review of the Complaint, the court agrees.[2]  Plaintiff alleges that Best Buy Co.,

Inc. and HSBC Finance Corporation, Inc. "conduct[] business" in Colorado.  (*See* Compl. ¶¶ 2,

3.) However, Plaintiff does not offer any specific facts to support this terse conclusory

statement.  All of Plaintiff's substantive allegations in the Complaint reference only the conduct

of Defendant HSBC Bank Nevada, and Plaintiff's interaction with Defendant HSBC Bank

Nevada, not Best Buy Co., Inc. or HSBC Finance Corporation  (*See* Compl., ¶¶ 7, 10–12, 15–16,

18.)

According to the undisputed affidavits presented by Defendants Best Buy Co., Inc. or

HSBC Finance Corporation, neither Defendant Best Buy Co., Inc., nor Defendant HSBC Finance

Corporation operates any stores, sell any products, or provide any services in Colorado.  (Best

Buy's Mem., Olson Decl., ¶ 3; Brzezenski Decl., ¶3.)  Defendant HSBC Finance Corporation

does not directly engage in consumer lending or any similar activity.   (Brzezenski Decl., ¶ 4.)

Defendants do not have offices in Colorado.  (Olson Decl., ¶ 3; Brzezenski Decl., ¶ 3.)  Best Buy

Co., Inc. is the ultimate parent company of its subsidiaries, and HSBC Finance Corporation is a

holding company for the stock of its subsidiaries; neither participates in the day-to-day

operations of its subsidiaries. (Olson Decl., ¶¶ 4-5; Brzezenski Decl., ¶¶ 4-5.)  The subsidiaries

---

[2]Plaintiff does not dispute Defendants' argument.  (*See* 5 Resp. Best Buy's Mot.)  Rather, he seeks to amend his Complaint to cure this deficiency.  (*Id.*)  The court addresses Plaintiff's proposed amendments *infra.*

of Best Buy Co., Inc. and HSBC Finance Corporation possesses its own management, personnel, offices, assets and licenses.  (Olson Decl., ¶ 5; Brzezenski Decl., ¶ 5.)  Plaintiff has offered no evidence contradicting the Olson or Brzezenski Declarations.  Therefore, Plaintiff has failed to allege, or prove, that Defendants Best Buy Co., Inc. or HSBC Finance Corporation ever had the necessary contacts with Colorado to establish jurisdiction.

Therefore, Defendants Best Buy Co., Inc. and HSBC Finance Corporation's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction properly is granted.

**3.**      ***Proposed Amendments to Claims I and II***

Plaintiff seeks to amend his complaint to add facts to Claims I and II.  In his proposed amended complaint, Plaintiff alleges that he advised HSBC Bank Nevada that "the contract was void or, alternatively, voidable; if voidable, he was repudiating," based on the defendant's failure to allow him to record his phone conversations with the defendant's customer service agents. (Doc. No. 73-1, ¶ 44.)  Plaintiff also asserts that the parties did not have a "meeting of the minds" regarding their respective positions on Plaintiff's recording of the phone conversations. (*Id.*, ¶ 51.)  Plaintiff also alleges HSBC Bank Nevada concealed the fact that he could not record his conversations with its customer service agents.  (*Id.*, ¶¶ 51, 53.)

To the extent Plaintiff seeks to amend to add a claim for fraud in the inducement, his claim fails.  Fraud in the inducement consists of inducing one by some fraudulent representation or pretense to execute the very contract intended to be executed.  An agreement based on such an inducement is voidable.  *Colorado Inv. Loan Co. v. Beuchat*, 111 P. 61, 64 (1910); *see Southwest Administrators, Inc. v. Rozay's Transfer*, 791 F.2d 769, 774 (9th Cir. 1986); *see also* 12

15

Williston on Contracts § 1488 at 332 (3d ed. 1970).  Fraud in the inducement has three requirements: first, the misrepresentation must have been either fraudulent or material; second, the misrepresentation must have induced the recipient to make the contract; third, the recipient must have been justified in relying on the misrepresentation.  *Colorado Plasterers' Pension Fund v. Plasterers' Unlimited, Inc.*, 655 F. Supp. 1184, 1186 (D. Colo. 1987).  *See* Restatement (Second) of Contracts § 164 (1981).  If each of these three elements is met, the contract is voidable.  *Colorado Plasterers'*, 655 F. Supp. At 1186.  Plaintiff has not alleged the defendant's failure to allow him to record phone conversations is material to the contract.  Plaintiff also fails to allege the defendant induced him into making the contract.  Thus, Plaintiff has failed to allege the required elements for a claim of fraud in the inducement.

To the extent Plaintiff attempts to assert a claim for fraud in the execution, which would make the contract void *ab initio*, *see* Restatement (Second) of Contracts § 163 (1981), his claim also fails because he has failed to allege a "misrepresentation as to the character or *essential terms* of a proposed contract induces conduct that appears to be a manifestation of assent by one who neither knows nor has reasonable opportunity to know of the character or essential terms of the proposed contract."  *Colorado Plasterers'*, 655 F. Supp. at 1186 (emphasis added).  *See* Restatement (Second) of Contracts § 163 (1981).

Thus, because Plaintiff's proposed amended Claims I and II still would be subject to dismissal for failure to state a claim upon which relief can be granted, his motion to amend Claims I and II should be denied as futile.

**4.      *Proposed Amendments to Claims III and IV***

Plaintiff also seeks to amend his FCRA claims.  As explained *supra*, to the extent

Plaintiff seeks to assert a claim for the defendants' failure to provide accurate credit information

to the CRAs, § 1681s-2(a) does not allow a private cause of action.  *See Hasvold*, 194 F. Supp.

2d at 1235.  Therefore, to the extent Plaintiff seeks to amend to assert claims under § 1681s-2 (a),

the claims would be subject to dismissal, and therefore his motion to amend in this regard should

be denied as futile.

However, upon a review of the proposed amended Claims III and IV, Plaintiff has

clarified his claims under § 1681s-2(b).  Specifically, Plaintiff alleges,

> On at least two different occasions, Miller filed disputes with Experian, Expedia,
> and Trans Union . . . regarding the accuracy of the information filed by HSBC
> NV, including, but not limited to, the liability for the debt, the amount of the debt,
> and the debt being reflected as both written off and in collections.  As a result of
> Miller's dispute, each of the three CRAs notified HSBC NV and/or HSBC
> Finance of the dispute, yet neither HSBC Finance nor HSBC NV made a
> reasonable investigation of the claims after receiving notice of such dispute.
> Furthermore, neither HSBC Finance nor HSBC NV did anything to accurately
> reflect the status of the account.  In disputing the accuracy of the information
> provided the CRAs, none of the CRAs determined his dispute to be frivolous or
> irrelevant by reason of a failure to provide sufficient information to investigate
> the disputed information.

(Doc. No. 73-1 at 11–12, ¶ 48.)

The court finds Plaintiff has stated plausible claims under § 1681s-2(b), and his motion to

amend should be granted in this regard.[3]

---

[3]Plaintiff also seeks to amend his complaint to add claims against Best Buy Gov, LLC; Best
Buy Stores, L.P.; Best Buy Warehousing Logistics; and BBC Property Co.  (*See* Doc. No. 73-1 at
1; ¶¶ 6–17.)  However, Plaintiff does not seek to add additional claims against these defendants.

**4.     *Proposed Amendments as to Defendants Best Buy Co, Inc. and HSBC Finance Corporation***

Plaintiff also seeks to amend his complaint to clarify the personal jurisdiction of

Defendants Best Buy Co, Inc. and HSBC Finance Corporation.  (*See* Mot. Amend, ¶¶ 22–24.)

Defendants Best Buy Co, Inc. and HSBC Finance Corporation apparently do not oppose the

motion to amend the claims against them, as they did not file a response to the motion to amend.

Because they have not responded to the Motion to Amend, Defendants Best Buy Co, Inc.

and HSBC Finance Corporation have failed to show, and the court cannot find, undue delay,

undue prejudice, bad faith or dilatory motive, or failure to cure deficiencies by amendments

previously allowed.  *Frank*, 3 F.3d at 1365.  Nevertheless, Plaintiff's proposed amendments to

Claims I and II against these defendants would be subject to dismissal for failure to state a claim

upon which relief can be granted for the same reasons they would be subject to dismissal as to

the other defendants, as explained *supra*.[4]

Plaintiff's proposed amended Claims III and IV are entirely devoid of any allegations

that Defendant Best Buy Co., Inc. had any involvement in the alleged violations.  Therefore,

Plaintiff has failed to state a plausible claim for relief against Defendant Best Buy Co., Inc., *see*

_____

Rather, Plaintiff asserts the same four claims as he asserts against Defendant HSBC Bank Nevada. (*See* Doc. No. 73-1 at 12–17.)  The proposed amendments also are futile as to Best Buy Gov, LLC; Best Buy Stores, L.P.; Best Buy Warehousing Logistics; and BBC Property Co., because Plaintiff has failed to set forth factual allegations against any of the proposed new defendants to state a plausible claim for relief.  *Iqbal*, 129 S. Ct. at 1949.

[4]Although these defendants failed to respond to Plaintiff's Motion to Amend, this court may address the sufficiency of Plaintiff's proposed amendments to the claims against them pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

*Iqbal*, 129 S. Ct. at 1949, and motion to amend Claims III and IV against them should be denied. As to Plaintiff's Claims III and IV asserted against Defendant HSBC Finance Corporation, the court finds Plaintiff has sufficiently pleaded that the defendant violated § 1681s-2(b), and his motion to amend should be granted in this regard.  (*See* Doc. No. 73-1 at 11–12, ¶ 48.)

Therefore, Plaintiff's Motion to Amend as to Defendants Best Buy Co, Inc. and HSBC Finance Corporation should be granted in part and denied in part.

**WHEREFORE**, for the foregoing reasons, the court respectfully

**RECOMMENDS** that

1.      "Defendant HSBC Bank Nevada, N.A.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim upon Which Relief Can Be Granted" (Doc. No. 22) be GRANTED in part and DENIED in part as follows:

    a.      Plaintiff's Counts I and II should be dismissed in their entirety, with prejudice, for failure to state a claim upon which relief can be granted;

    b.      Plaintiff's Counts III and IV asserted under 15 U.S.C. § 1681s-2 (a) should be dismissed with prejudice; and

    c.      Defendants' motion to dismiss Plaintiff's Counts III and IV asserting alleged violations of 15 U.S.C. § 1681s-2(b) should be denied;

2.      "Defendants Best Buy Co., Inc. and HSBC Finance Corporation's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) for Lack of Personal Jurisdiction" (Doc. No. 24) be GRANTED; and

3.      "Plaintiff 's Motion for Leave to File Second Amended Complaint" ("Motion to Amend") (Doc. No. 73) be GRANTED in part and DENIED in part as follows:

      a.      Plaintiff's motion to amend Claims I and II should be denied as futile;

      b.      To the extent Plaintiff seeks to amend to assert claims under§ 1681s-2 (a), the motion should be denied as futile;

      c.      Plaintiff's motion to amend to add Best Buy Gov, LLC; Best Buy Stores, L.P.; Best Buy Warehousing Logistics; and BBC Property Co. as defendants should be denied as futile;

      d      Plaintiff's proposed amended complaint should be granted and the proposed amended complaint accepted to allow Plaintiff to proceed with his amended Claims III and IV asserted under 15 U.S.C. § 1681s-2(b) against Defendants HSBC Finance Corporation, Inc., and HSBC Bank Nevada, N.A.. only.  The motion to amend should be denied and the proposed amended complaint should be rejected in all other respects.

The court further

**RECOMMENDS** that the District Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this recommendation would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  Thereafter, if Plaintiff files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of

Appeals for the Tenth Circuit within thirty days of the court's final order in accordance with Fed.

R. App. P. 24.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may

serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of Colorado.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A

general objection that does not put the district court on notice of the basis for the objection will

not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo

review by the district court or for appellate review."  *United States v. One Parcel of Real Prop.*

*Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to

make timely objections may bar *de novo* review by the district judge of the magistrate judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the

magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's

decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection

does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at

1059-60 (a party's objections to the magistrate judge's report and recommendation must be both

timely and specific to preserve an issue for *de novo* review by the district court or for appellate

review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir.

1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had

waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342,

1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th

Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

      Dated this 25th day of June, 2013.

BY THE COURT:

_____

Kathleen M. Tafoya
United States Magistrate Judge