IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 12-cv-02535-RBJ-KMT

RON MILLER,

      Plaintiff,

v.

BEST BUY CO., INC.,
BEST BUY GOV, LLC
BEST BUY STORES, L.P.
BEST BUY WAREHOUSING LOGISTICS
BBC PROPERTY CO.
HSBC FINANCE CORPORATION, INC.,
HSBC BANK NEVADA, N.A.,

      Defendants.

---

# ORDER

---

    The plaintiff, Ron Miller, filed a complaint on September 24, 2012 arising from a Best Buy credit card agreement. This case was referred to Magistrate Judge Tafoya, and she has issued several opinions and recommendations. Currently pending before this Court are:

    (1) HSBC Bank Nevada, NA's motion to dismiss for failure to state a claim on which relief could be granted [docket #22];

    (2) defendants Best Buy Co., Inc. and HSBC Finance Corporation's motion to dismiss for lack of personal jurisdiction [#24];

    (3) plaintiff's objection to Judge Tafoya's order denying his motion for an order to show cause [#55];

1

(4) plaintiff's objection to Judge Tafoya's order striking his second amended complaint [#68];

(5) plaintiff's motion to file a second amended complaint [#73]; and

(6) Judge Tafoya's June 25, 2013 recommendation addressing defendant HSBC Bank Nevada, NA's motion to dismiss for failure to state a claim, Best Buy, Co., Inc. and HSBC Finance Corporation Inc.'s motion to dismiss for lack of personal jurisdiction, and plaintiff's motion for leave to file a second amended complaint [#84]. Best Buy, Co., Inc., HSBC Finance Corporation, Inc. and Mr. Miller have objected to the magistrate judge's recommendation. [#85, 86].

**Facts**

According to the plaintiff, on December 15, 2005 he applied for and received a Best Buy credit card issued by HSBC Bank Nevada. That same day he made a purchase and paid for it in full. At the end of 2009, Mr. Miller's balance was $0. In the spring of 2010 Mr. Miller purchased several computers from Best Buy but returned them all. Then, on July 3, 2010 he purchased a computer that he kept.

HSBC Bank Nevada assessed late fees of $39 in June and July 2010. On July 24, 2010 Mr. Miller contacted HSBC Bank Nevada's customer service department. Mr. Miller reports that he was told by a supervisor that his account would be credited $78, and that he did not need to make a payment at that time. On August 30, 2010 Mr. Miller found that his account had not been credited, and that he had been charged another late fee. Mr. Miller again called customer service and spoke to a different representative. This representative refused to refund the late fees. Mr. Miller informed the representative that he was recording the call. The representative said that this was against HSBC Bank Nevada's policy, and she would need to end the call. Mr.

Miller then told the representative that his credit card agreement was void or voidable if he could not record the call, and that as a result he could stop making payments.

On September 7, 2010 Mr. Miller wrote a letter of complaint to Best Buy Co.'s CEO and to HSBC Bank Nevada's CEO.  Following that letter HSBC Bank Nevada credited Mr. Miller's account for most of the late fees and interest charges.  However, Mr. Miller alleges that his credit reports do not reflect these refunds.  Instead, the report from one credit reporting bureau shows that HSBC Bank Nevada wrote off $1,182.00 in August 2011, while another shows that HSBC Bank Nevada's account is in collection status with a past due amount of $1,827.00.  Mr. Miller has filed reports with the credit bureaus, but his credit report has not been corrected.  Mr. Miller filed this suit alleging two contract claims and two claims under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.

**Standard**

Following the issuance of a magistrate judge's recommendation on a dispositive matter, a party may file "specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  The district court judge must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  The district judge is permitted to "accept, reject, or modify the recommended disposition; receive further instruction; or return the matter to the magistrate with instructions."  *Id.*

When a magistrate judge issues an order on a non-dispositive pretrial matter, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).

**Conclusions**

This case is awash in motions and pleadings.  To simplify matters, the Court grants

plaintiff's motion for leave to file his Second Amended Complaint [#73] and will focus on its

allegations.  The Second Amended Complaint [#73-1] names seven defendants, five being "Best

Buy" entities and two being "HSBC" entities.  It asserts four claims: (1) that the December 15,

2005 contract is void; (2) that the contract is voidable; (3) negligent violation of Subchapter III

of the Fair Credit Reporting Act; and (4) willful violation of that Subchapter.

**The Contract Claims**

Mr. Miller alleges that because he was not permitted to record the phone conversation

between him and a HSBC Bank Nevada customer service agent, his contract with HSBC Bank

Nevada is either void or voidable.  Specifically, Mr. Miller believes that his contract with HSBC

Bank Nevada is void because the parties failed to have a meeting of the minds because HSBC

Bank concealed from Mr. Miller that he would not be able to record phone conversations.

Similarly, Mr. Miller alleges that the contract is voidable because he was fraudulently induced

into contracting with HSBC Bank Nevada when they concealed their policy on not recording

phone conversations.

Reformation of a contract is generally permitted when it is shown that there was a mutual

mistake and, therefore, the contract does not express the true intent of the parties.  *Poly Trucking,*

*Inc. v. Concentra Health Servs., Inc.,* 93 P.3d 561, 563 (Colo. App. 2004).  "However, where a

party's unilateral mistake is the result not of fraud, but of its own failure to use due diligence . . .

that party will be held to the terms of the contract."  *Id.*

To show fraudulent concealment, the court must find that (1) the party concealed a material existing fact that in equity and good conscience should be disclosed; (2) the party knew it was concealing such fact; (3) the other party was ignorant of the existence of the fact concealed; (4) the concealment was practiced with the intent that it be acted on; and (5) the concealment resulted in damage to the other party. *Id.*

Mr. Miller does not allege sufficient facts to show fraudulent concealment. He disagrees with the bank's apparent policy of not wanting complaining customers to record their phone calls. However, there is no indication that either party considered the existence or non-existence of such a policy at the time of contracting. If this was a significant consideration for Mr. Miller, he could have inquired whether the bank had a policy on that subject. But the suggestion that HSBC Bank Nevada intentionally concealed its policy from him as a new customer to induce him to use a credit card, and that because of this fraud Mr. Miller can declare the contract void, is beyond implausible. Moreover, assuming that he wasn't violating any law, he was free to record the calls, whether the bank knew of it or liked it or not. The bank's only method of enforcing its policy is to hang up, and that response might have its own consequences. The contract claims are dismissed with prejudice.

### The Fair Credit Reporting Act Claims

First, these claims as asserted against the Best Buy entities lack any plausible merit. Best Buy Co., Inc. initially argues that the Court lacks personal jurisdiction as to it. Mr. Miller asserts that Best Buy Co., Inc. is registered with the Colorado Secretary of State to conduct business in the areas of retail sales, home office products, entertainment software and home appliances. Whether mere registration with the Secretary of State is sufficient is debatable. *See Rosenberg v. Deutsche Bank AG,* No. 1lcv02200, 2012 WL 1963356 (D. Colo. May 22, 2012) (holding that it

is not sufficient).  However, I will construe plaintiff's allegations in his favor and assume that the

Court does have personal jurisdiction.  It matters not, because the Court *sua sponte* finds and

concludes that the Second Amended Complaint states no plausible claim for relief against Best

Buy Co., Inc. on which relief could be granted.  Further, plaintiff has pled no facts concerning

the acts of the other listed "Best Buy" entities on which relief could be granted.  Stated simply,

there was no legal or factual justification for including any of the Best Buy companies in this

litigation.  All claims against those defendants will be dismissed with prejudice.

The Court reaches the same conclusion with respect to HSBC Finance Corporation, Inc.

Personal jurisdiction has been disputed, but the Court will assume, to plaintiff's benefit, that it

has personal jurisdiction.  The Second Amended Complaint states no plausible claim against that

entity on which relief could be granted.  I understand that Mr. Miller is not a lawyer and is

representing himself.  Courts must construe pleadings more liberally in that situation.  However,

that does not license naming multiple corporate entities without some basis in fact and law for

the claims against each entity individually.  HSBC Finance Corporation is a holding company

that holds the stock of subsidiaries including HSBC Nevada.  There is no indication that the

holding company had anything to do with the events involved in this case.

That leaves HSBC Bank Nevada.  Here, I agree with Magistrate Judge Tafoya's analysis

set for at pages 10-13 and 17-22 of her Recommendation issued June 25, 2013 [#84].  As she

indicated, Congress enacted the Fair Credit Reporting Act in 1970 to ensure fair and accurate

credit reporting, promote, efficiency in the banking system, and protect consumer privacy."

*Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007).  The Act imposes obligations on entities

that provide credit information to credit reporting agencies, namely, to provide accurate

information and to conduct a reasonable investigation when a consumer notifies them of a

dispute.  15 U.S.C. § 1681s-2(a), (b).  The Act gives consumers a private right of action for claims arising under subsection (b) – the duties triggered upon notice of a dispute.  15 U.S.C. § 1681s-2(c).

To state a claim under subsection (b), Mr. Miller must allege three elements: (1) the credit reporting agency did not determine that his dispute was frivolous or irrelevant "by reason of a failure by Plaintiff to provide sufficient information to investigate the disputed information." 15 U.S.C. § 1681i(a)(3)(A); (2) the credit reporting agency notified HSBC Bank Nevada of the dispute. *See Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 750–51 (10th Cir. 2009) ("notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)"); and (3) HSBC Bank Nevada did not conduct a reasonable investigation into plaintiff's claims after receiving notice of a dispute from a credit reporting agency.  15 U.S.C. § 1681s-2(a),(b).

The bank argues that Mr. Miller's claims are so vague that it is not possible to determine which provision of the Act he relies upon and whether he has standing.  The magistrate judge agreed.  I also agree, but the law answers the question for us.  Subsection (a) of § 1681s-2 does not allow a private cause of action for a furnisher of credit information; rather, subsection (a) can be enforced only by government agencies and officials.  Mr. Miller necessarily is proceeding under § 1681s-2(b).  This is where the requirement that a *pro se* party' pleadings must be given a liberal interpretation comes to life.

The bank argues that Mr. Miller nevertheless did not allege sufficient facts to support a claim.  The magistrate judge disagreed.  She went on to explain why she concluded that Mr. Miller had cured his pleading deficiencies in the Second Amended Complaint.  Recommendation [#84] at 17-22.  I need not repeat her analysis here.  I have reviewed it and agree that, construing

7

plaintiff's factual allegations in his favor, as I must on a Rule 12(b)(6) motion, he has stated a plausible claim against HBSC Nevada under § 1681s-2(b).

**Moratorium on Motion Practice**

The Court does not wish for this Order immediately to unleash a new round of motions. Rather, the Court hereby imposes a temporary moratorium on the filing of motions in this case. The Court directs the bank to re-review the facts concerning is conduct to be sure that any mistaken fees or charges are erased from Mr. Miller's account, and that appropriate steps have been taken to clear Mr. Miller's credit report in respect to such mistakes. Once that is done the Court directs the parties to confer, meaning to talk to one another, and to make a good faith effort to resolve any remaining differences. Once that is done the Court directs the bank to file a status report with the Court. Either the case will have been resolved at that point, or we will set a scheduling conference to plot out a schedule for resolving such disputes as still remain.

**Order**

With respect to the six pending motions the Court's rulings, based on the foregoing discussion, are as follows:

1.   Motion #22 (by HSBC Nevada to dismiss for failure to state a claim) will be applied to the Second Amended Complaint and as such it is GRANTED IN PART and DENIED IN PART.

2.   Motion #24 (by Best Buy Co., Inc. and HSBC Finance to dismiss for lack of personal jurisdiction) is DENIED.

3.   Objection #55 (by plaintiff to the magistrate judge's order denying his motion to show cause) is DENIED.

4.  Objection #68 (by plaintiff to the magistrate judge's order striking his Second Amended Complaint) is MOOT.

5.  Motion #73 (by plaintiff for leave to file his Second Amended Complaint) is GRANTED.

6.  Recommendation #84 is GRANTED IN PART AND DENIED IN PART.

DATED this 23rd day of August, 2013.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge